ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ANTONIO WOODROW SMITH,     )
                            )
        Petitioner,         )
                            )
v.                          )   CV 305-027
                            )   (Formerly CR 303-011)
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Government has filed its response to the motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a **FINAL JUDGMENT** be **ENTERED** in favor of the Government.

## I.   BACKGROUND

On November 6, 2003, Petitioner pled guilty to one count of bank robbery, one count of aggravated bank robbery, and one count of possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 924(c), respectively. United States v. Smith, CR 303-011, doc. no. 41 (S.D. Ga. Nov. 6, 2003). On February 3, 2004, the district judge sentenced Petitioner to 364 months of imprisonment. CR 303-011, doc. no. 43. Petitioner did not appeal, instead timely filing the instant § 2255 motion.

Petitioner argues that sentence enhancements for theft of property of a financial

institution (U.S.S.G. § 2B3.1(b)(1)), threat of death (U.S.S.G. § 2B3.1(b)(2)(F)), obstruction of justice (U.S.S.G. § 3C1.1), and career offender status (U.S.S.G. § 4B1.1), were applied in violation of the rule announced in Booker v. United States, 543 U.S. 220 (2005), and its predecessors, Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner also argues that his counsel was ineffective for failing to raise the issue. (Doc. no. 1, pp. 3, 5).

## II. DISCUSSION

### A. Procedural Bar

As an initial matter, the Court notes that, "[g]enerally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."[1] United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005)(*per curiam*)(citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct

---

[1] As discussed *infra*, ineffective assistance of counsel claims are excepted from the procedural default rule. See Massaro v. United States, 538 U.S. 500, 509 (2003).

2

appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). As Petitioner failed to raise any of his claims at sentencing or on direct appeal, they are procedurally barred from being considered in this collateral proceeding.

### B.    Booker/Blakely Not Retroactively Applicable

Furthermore, the Eleventh Circuit has recognized that neither Booker nor its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), is retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). The district judge entered judgment in Petitioner's case on February 9, 2004. His conviction became final on or about February 24, 2004, after the time for filing a notice of appeal had elapsed. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (recognizing that conviction becomes final after time for notice of appeal has elapsed). The Supreme Court issued both Blakely (June 24, 2004) and Booker (January 12, 2005) well after Petitioner's conviction became final. Thus, the rule of neither case was available at the time of Petitioner's conviction, and, because neither rule is available retroactively, Petitioner should

3

not obtain § 2255 relief under either rule.

### C. Petitioner's Apprendi Claim Lacks Merit.

Nor is Petitioner's reliance upon Apprendi availing. Petitioner's overall offense level of 34 was driven entirely by his career offender enhancement. Presentence Investigation Report ("PSI") ¶¶ 14-16, 19, 22, 25. Simply put, Petitioner's other enhancements had no ultimate impact upon his sentencing range because the Sentencing Guidelines's career offender provisions take precedence over "otherwise applicable" provisions. See U.S.S.G. § 4B1.1(b). Petitioner's offense level of 34 was calculated with reference to his prior convictions for the sale of controlled substances, assault, escape, and armed robbery. PSI ¶ 35. No further enhancements were made. PSI ¶¶ 35-37. Sentence enhancements which rely solely upon the fact of a prior conviction are not subject to the rule in Apprendi. See Apprendi, 530 U.S. at 471. Accordingly, Petitioner's Apprendi argument is a *non sequitur*.

### D. Petitioner's Ineffective Assistance of Counsel Claims Fail.

Regardless, Petitioner's argument that his counsel was ineffective for failing to raise an Apprendi challenge at sentencing would fail even if the other enhancements had actually impacted Petitioner's sentence. In order to bypass the procedural default rules outlined above, Petitioner has couched his Apprendi claim in terms of the ineffective assistance of counsel. It is true that ineffective assistance of counsel claims are excepted from the general procedural default rules. Lynn, 365 F.3d at 1234 n.17 (citing Massaro v. United States, 530 U.S. 500 (2003)). However, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is a difficult standard to meet. Massaro, 538 U.S. at 505. First, Petitioner must show that "counsel's

4

representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" <u>Id.</u> at 689; see also <u>Lancaster v. Newsome</u>, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687.

Of particular note here, the Court is guided by the principle that "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Indeed, strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Id.</u> at 1511.

Here, Petitioner's counsel's failure to raise an <u>Apprendi</u> claim could not have constituted ineffective assistance because it would have been futile to raise the issue at the

time of Petitioner's sentencing. Prior to the Supreme Court's decision in Booker, controlling Eleventh Circuit precedent foreclosed the application of Apprendi to the Sentencing Guidelines. Indeed, even after the Supreme Court issued the Blakely decision, the Eleventh Circuit "h[eld] that district courts should continue to sentence pursuant to the Guidelines until" the Supreme Court ruled on whether Blakely applied to the Sentencing Guidelines. United States v. Reese, 382 F.3d 1308, 1312 (11th Cir. 2004), *vacated by* 125 S. Ct. 1089 (Jan. 25, 2005). Thus, had Petitioner's counsel raised an Apprendi-type argument, it would have been rejected. Accordingly, counsel's failure to raise such an argument was not unreasonable and did not constitute ineffective assistance of counsel. See, e.g., McCoy v. United States, 266 F.3d 1245, 1258-59 (11th Cir. 2001) ("[R]easonable defendants and lawyers could well have concluded it would be futile to raise the [Apprendi] issue.").

In sum, Petitioner's claims lack merit, and the instant § 2255 motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is not entitled to relief under § 2255. The Court therefore **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a **FINAL JUDGMENT** be **ENTERED** in favor of the Government..

SO REPORTED and RECOMMENDED this 22nd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE